IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.    2:10-cv-02776 |
| ) | |
| CITY OF MEMPHIS; and ) | Judge S. Thomas Anderson |
| JILL MADAJCZKY, Senior Assistant City ) | |
| Attorney for Memphis, ) | Magistrate Diane K. Vescovo |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' 12(b)(6) MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

This Court should deny Defendants' 12(b)(6) Motion to Dismiss for failure to state a claim. The motion is untimely and without merit for all of the reasons stated below.

**Nature of Litigation**

The defendants' description of the history of this litigation and its issues is essentially accurate, and the plaintiff will not add anything further.

**Defendants' Motion Is Untimely**

On April 18, 2011, the defendants' filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Such a motion must be made before any responsive pleadings are filed. On February 21, 2011 defendants filed an Answer to the plaintiff's allegations and Complaint. Defendants have also propounded discovery that has been answered by the plaintiff. Therefore, defendants' Rule 12(b)(6) motion is untimely.

As pointed out in *Sparks v. Allstate Insurance Company*, 98 F. Supp.2d, 933 (W.D. Tenn. 2000), even an untimely Rule 12(b)(6) motion may be considered by the Court at

its discretion as one for judgment on the pleadings under Rule 12(c). See 98 F. Supp.2d at 32; and *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. Supp. 434, 436, n. 1 (6th Cir. 1988).

Nonetheless, in view of the evidence, Plaintiff contends that the motion is untimely and should be denied on that very basis.

## Applicable Law

As this Court well knows, a Rule 12(b)(6) motion to dismiss under the Federal Rules of Civil Procedure is to determine whether the plaintiff has alleged a recognizable complaint for relief and to dismiss without any further proceedings meritless claims that would otherwise waste the Court's time. *Scheid v. Fanny Famer Candy Shops, Inc.*, 859 F. Supp. 434, 436 (6th Cir. 1988); and *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 102 2L. Ed.2d 80, (1957); *Westlake v. Lucas*, 357 F. Supp. 857, 858 (6th Cir. 1976).

In determining whether a Rule 12(b)(6) motion to dismiss should be granted the Court must:

1) Review the allegations in the light most favorable to the plaintiff;

2) That the plaintiff's allegations are taken as true;

3) All reasonable inferences that can be drawn from the pleadings must be done so in favor of the plaintiff.

*Lorain Division of Koehring Company v. Walldorff*, 522 F. Supp. 408, 409 (Tenn. 1981)(citing in WRIGHT & MILLER, *Federal Practice and Procedure* (West 2004), § 1357 at 417. As the Supreme Court explained in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80:

2

> "[I]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

355 U.S. at 45-46, 78 S. Ct. at 102.

Consequently, the standard in evaluating a plaintiff's Complaint in light of a motion to dismiss for failure to state a claim must favor the plaintiff. *Westlake v. Lucas*, 537 F. Supp. 857, 858 (6th Cir. 1976). When a complaint's allegations adequately state a claim, the complaint cannot be dismissed under Rule 12(b)(6) even if the Court is skeptical that the claim has an evidentiary basis or is unlikely to prevail at trial. *Bell Atlantic Corp. v. Trombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed.2d 929 (2007).

Because a motion to dismiss under Rule 12(b) is a preliminary matter to determine the sufficiency of the plaintiff's allegations before having engaged in any discovery, the motion is not to determine the merits of the plaintiff's claim. WRIGHT & MILLER, *Federal Practice and Procedure* (West 2004), § 1357 at 733.

## **Plaintiff's Complaint**

As set forth in the introductory paragraph of plaintiff's Complaint, plaintiff is an Ohio citizen who seeks injunctive and declaratory relief from a Tennessee statute that limits inspection of public records exclusively to Tennessee citizens.

In the body of the complaint, plaintiff alleges that he is an Ohio citizen and civil rights advocate with the National Action Network. (Plaintiff's Amended Complaint, ¶¶ 11-12). As part of his work with the National Action Network, he engages in investigations throughout the country, and in doing so sought records regarding the biding of certain public contracts in the City of Memphis. *(*Plaintiff's Amended Complaint, ¶¶ 14-15). Plaintiff requested certain public contract bid information from the City of Memphis and he was denied on the basis that he was not a Tennessee

citizen, contrary to T.C.A. § 10-7-503(a)(1). (Plaintiff's Amended Complaint, ¶¶ 16-17). Without declaratory relief that the Tennessee statute is unconstitutional, the plaintiff will be unable to obtain the requested records and engage in his activity as a civil rights advocate. (Plaintiff's Amended Complaint, ¶ 18). T.C.A. § 10-7-503(a)(2)(A), the contested clause at issue states in pertinent part:

> "All state, county and municipal records shall, at all times during business hours . . . open for personal inspection by any citizen of this state, and those in charge of the records should not refuse such right of inspection to any citizen."

### **Argument**

The essence of the defendants' arguments in favor of its motion to dismiss is that the plaintiff's complaint is without merit. Although a Rule 12(b)(6) motion is not to determine the merits of the plaintiff's claim, that is essentially what the defendants argue.

Defendants argue for dismissal essentially based upon the Court ruling in *McBurney v. Cuccinelli*, 211 WL 2001503 (E.D. Va.). In that case, the district court granted summary judgment dismissal of two (2) complaints that sought injunctive relief from a Virginia public records law similar to Tennessee, in that it limited access to public records in Virginia to exclusively Virginia residents. McBurney sought injunctive relief because he was not a Virginia resident and could not access the requested public records because of the restrictive requirement in the Virginia statute. The Court granted summary judgment on the basis that neither defendant violated the Privilege and Immunities clause or the Commerce Clause of the United States Constitution.

The district court's ruling in *McBurney* should not be controlling on the disposition of the defendants' Rule 12(b)(6) motion for several reasons. These reasons include the following:

1)     A Rule 12(b)(6) motion is to determine whether plaintiff's allegations state a recognizable claim. It is not a basis upon which to decide the plaintiff's case on the merits or whether in fact he may ultimately prevail. Accordingly, the defendant's motion is premature as well as untimely and should be denied on that basis.

2)     Defendant makes the peculiar argument that the reasoning of the district court decision in *McBurney v. Cuccinelli,* 2011 WL 201503 (E.D. Va., 2011) should control over the reported Third Circuit Appellate decision of *Lee v. Minner*, 458 F.3d 194 (3rd Cir. 2006). *Lee v. Minner* involved facts very similar to those in the present instance. *Lee* was a New York resident who sought to access public records in the State of Delaware, but was prevented because the Delaware public records law limited access to only Delaware residents. Plaintiff sought injunctive relief. Relief was granted on the basis that the statutory exclusion violated the United States Constitution Privileges and Immunities Clause as well as the Commerce Clause that prevented the plaintiff from exercising his common calling as a journalist. *Lee v. Minner* was cited in support of plaintiff's claims in paragraphs 31-32 of his Complaint. A reported federal appellate decision should carry much more persuasive authority than a federal district court decision.

3)     The Court in *McBurney* factually distinguished the *Lee v. Minner* decision, "Plaintiffs in the instant case are not attempting to engage in the political process with respect to matters of national political and economic importance, which is the specific rights at issue in *Lee*." p. 6. Mr. Jones alleges in paragraph 33 and 34 that the defendants' denial of access to

5

        requested records "deprives him of the ability to engage in 'effective advocacy and participation in the political process' . . ."  Therefore, the decision and reasoning of *McBurney v. Cuccinelli* are distinguishable and not dispositive to the allegations of plaintiff's claim.

4)    The decision in *McBurney v. Cuccinelli* occurred after cross motions for summary judgment and was therefore a decision on the merits of the plaintiffs' claims.  The present basis of defendants' motion to dismiss is on Rule 12(b)(6).  Furthermore, the court's decision in *McBurney* is on appeal before the Fourth Circuit Court of Appeals, No. 11-1099.  The district court's granting of summary judgment dismissal in *McBurney* came after a previous dismissal was reversed by the Fourth Circuit, 210 WL 2902787 (4th Cir. 2010).  Plaintiff directs this Court's attention to the concurring opinion in the reversal in which it explained in detail the reasons why the plaintiff's allegations seeking injunctive and declaratory relief had merit under the United States Constitution Privileges and Immunities Clause, the very basis upon which Mr. Jones seeks relief in this case.

## Conclusion

For all of these reasons, the defendants' motion to dismiss is without merit and plaintiff asks that this Court deny the same.

Respectfully submitted,

By: <u>s/Edmund J. Schmidt III</u>
Edmund J. Schmidt III, TN Bar #021313
ACLU-TN Cooperating Attorney
1720 West End Avenue, Suite 300
Nashville, Tennessee 37203
Phone: (615) 425-7121
Fax: (615) 425-7110

Tricia Herzfeld, TN Bar #26014
Legal Director
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
Phone: (615) 320-7143, ext. 303
Fax: (615) 691-7219

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 12, 2011, a copy of the foregoing documents was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Bruce McMullen, Esq.
Stacie Winkler, Esq.
Shannon L. Wiley, Esq.
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103-2723
bmcmullen@bakerdonelson.com
swinkler@bakerdonelson.com
swiley@bakerdonelson.com

<u>s/Edmund J. Schmidt III</u>
Edmund J. Schmidt III