UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **RICHARD JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 10-2776-STA-dkv |
| ) | |
| **CITY OF MEMPHIS; BRIDGETT HANDY-** ) | |
| **CLAY, Public Records Coordinator for the City** ) | |
| **of Memphis; and JILL MADAJCZKY, Senior** ) | |
| **Assistant City Attorney for Memphis,** ) | |
| ) | |
| **Defendants.** ) | |

---

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

---

Before the Court is Plaintiff's Motion to Strike Defendants' Statement of Additional Disputed Material Facts (D.E. # 69), filed on March 12, 2012. Defendants filed a Response (D.E. # 70) on March 22, 2012. For the following reasons, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

Because this Motion to Strike relates to the parties' cross Motions for Summary Judgment, the Court need not recite this case's full procedural history. The parties filed their Motions for Summary Judgment on January 24 and 25, 2012. (D.E. # 55-56.) Statements of Undisputed Fact accompanied each Motion. (D.E. # 55-2, 56-2.) The parties also filed Responses to these Statements of Undisputed Fact. (D.E. # 61, 67-1.) However, Defendants also filed a Statement of Additional Disputed Material Facts ("Defendants' Statement") with

1

their Response (D.E. # 67) on March 1, 2012, which is the subject of Plaintiff's Motion to Strike currently before the Court.

In their Statement, Defendants point out that Plaintiff's Memorandum in Support of his Motion for Summary Judgment ("Plaintiff's Memorandum") contains factual allegations that were not enumerated in his Statement of Undisputed Facts. (D.E. # 67-2, at 1.) Defendants requested the Court not to rely on Plaintiff's factual assertions which are unsupported by the record. (*Id.*) Specifically, they identify six factual assertions in Plaintiff's Memorandum which are either contrary to the record or are otherwise unsupported by evidence in the record. (*Id.* at 2-4.)

In his Motion to Strike, Plaintiff argues that the Court should either strike or disregard Defendants' Statement because "Defendants offer[ed] statements of alleged outstanding material fact on behalf of [P]laintiff rather than on behalf of themselves opposing [P]laintiff's motion for summary judgment." (Pl.'s Mot. to Strike, D.E. # 69-1, at 2.) Plaintiff objects to Defendants' Statement because Defendants did not receive Plaintiff's consent to file it and because the Statement is "unfounded, unfair, and highly prejudicial." (*Id.*) In response, Defendants argue that neither the Federal Rules of Civil Procedure nor the Local Rules require Plaintiff to consent to their filing of a Statement of Additional Disputed Facts. (Defs.' Resp., D.E. # 70, at 2.) Furthermore, they assert that Plaintiff, rather than Defendants, has "run afoul" of the Federal Rules of Civil Procedure and the Local Rules of Court by failing to support his factual allegations with citation to the record in the required format. (*Id.* at 4.) Defendants submit that their Statement corrects this fallacy and "provides the Court with direction to the record

demonstrating that Plaintiff's assertions are contradicted." (*Id.*)  Finally, Defendants urge the Court to deny Plaintiff's Motion for failure to consult as required by the Local Rules.  (*Id.* at 5.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c)(1) requires "a party asserting that a fact cannot be or is genuinely disputed" to support that fact "by citing to particular portions of the record."[1]  The Local Rules of Court expound upon this requirement by requiring a party moving for summary judgment to submit a "separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.  Each fact shall be set forth in a separate, numbered paragraph [and] each fact shall be supported by specific citation to the record."[2]  In response, the non-moving party must respond to each fact put forth by the movant.[3]  Additionally, "the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue of fact to be tried."[4]

Additionally, Local Rule 7.2(a)(1)(B) requires "all motions [to] be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with

---

[1] Fed. R. Civ. P. 56(c)(1).

[2] Local Rule 56.1(a).

[3] Local Rule 56.1(b).

[4] *Id.*

the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion."[5]

## ANALYSIS

At the outset, the Court notes that it is unpersuaded by Plaintiff's argument that Defendants' Statement should be stricken because Plaintiff did not consent to it. The Local Rules do not require the parties to consent to the filing of motions; rather, they require the parties to *consult* prior to the filing of some, but not all, motions. Furthermore, the Local Rules expressly provide that a non-movant may file a statement of additional material facts as to which a genuine issue exists for trial.[6] Local Rule 56.1(b) does not require consultation prior to filing a statement of additional material facts, and the Court will not strike Defendants' Statement for Defendants failure to obtain Plaintiff's consent prior to its filing.

Furthermore, as Defendants note in their Statement, "while Defendants dispute Plaintiff's use of the facts within his Memorandum . . . , Defendants aver that the[ir] responses to Plaintiff's [Memorandum's] additional facts contain the undisputed recitation of the facts in the record."[7] Because Plaintiff improperly placed factual assertions in his Memorandum which were not in his Statement of Undisputed Facts, it appears that Defendants have used their Statement to respond to these factual assertions rather than to bring forth additional disputed facts as contemplated by the Local Rules.[8] Defendants' Statement is labeled as a Statement of Additional Disputed Facts,

---

[5] Local Rule 7.2(a)(1)(B).

[6] *See* Local Rule 56.1(b).

[7] (Defs.' Statement, D.E. # 67-2, at 1.)

[8] *See* Local Rule 56.1(b).

but it functions as a response to Plaintiff's Memorandum's factual assertions which are absent from his Statement of Undisputed Facts. Such a response is still proper under Local Rule 56.1(b), as Defendants were entitled to respond to the undisputed facts presented by Plaintiff. Therefore, Defendants' Statement was provided for by the Local Rules, and the Court will not strike it. Accordingly, Plaintiff's Motion is **DENIED**, and the Court need not reach Defendants' argument regarding Plaintiff's failure to consult.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Strike is **DENIED**.

**IT IS SO ORDERED**.

              s/ S. Thomas Anderson
              S. THOMAS ANDERSON
              UNITED STATES DISTRICT JUDGE

              Date: April 6th, 2012.